UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

TIMOTHY BOSWINKLE and
MICHAEL GATES, et al.,

Plaintiffs,

v.

NAVAJO EXPRESS, INC.

Defendant.

## DEFENDANT'S NOTICE OF REMOVAL

Please take notice that Defendant Navajo Express, Inc. (Navajo Express) removes this case from the Second District Court for Denver County, Colorado to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1331, 1367(a), and 1441(a). In support of this removal, Defendant states the following:

1. Plaintiffs, Timothy Boswinkle and Michael Gates, filed their Complaint, captioned *Timothy Boswinkle and Michael Gates, et al. v. Navajo Express, Inc.* in the Second District Court for Denver County, Colorado on September 10, 2020.

2. Defendant was served with a Summons and the Complaint on October 7, 2020. A copy of all process, pleadings, and orders served on Navajo Express to date are attached as follows:

        **Exhibit A**:    District Court Civil Summons

        **Exhibit B:**    District Court Civil Case Cover Sheet

        **Exhibit C:**    Class Action Complaint, Request for Declaratory Relief

        **Exhibit D:**    Delay Reduction Order

**Exhibit E:**     Order

**Exhibit F:**     Affidavit of Service of Summons, Complaint, District Court Civil Case Cover Sheet, Order, Delay Reduction Order and Letter served to the Human Resource Director for Navajo Express on 10/07/20

**Exhibit G:**     Defendant Navajo Express, Inc.'s Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint

**Exhibit H:**     Proposed Order re Defendant Navajo Express, Inc.'s Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint

**Exhibit I:**     Civil Docket Sheet

3. Plaintiffs' First and Second Causes of Action allege claims for violation of 49 C.F.R. § 376.12 (the Truth-in-Leasing Regulations) against Navajo Express. Plaintiffs' Seventh Cause of Action alleges a claim for violation of 29 U.S.C. § 201 (the Fair Labor Standards Act or FLSA) against Navajo Express.

4. Plaintiffs' claims under the Truth-in-Leasing Regulations and FLSA confer subject matter over those claims on this Court under 28 U.S.C. § 1331, which bestows original jurisdiction over actions arising under the laws of the United States. Under 28 U.S.C. § 1367(a), district courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." "A claim is part of the same case or controversy if it derives from a common nucleus of operative fact." *Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010). The District of Colorado regularly exercises supplemental jurisdiction over state law wage and hour claims when the plaintiff has also alleged federal claims, including FLSA claims and the state and federal claims arise from the same factual allegations. *See, e.g., Lozoya v. AllPhase Landscape Constr., Inc.*, No. 12-CV-1048-JLK, 2015 WL 1524639, at *1 (D. Colo. Mar. 31, 2015)

(exercising supplemental jurisdiction over claims under Colorado minimum wage law when plaintiffs asserted claims under the FLSA and claims arose from same factual allegations); *Bass v. PJCOMN Acquisition Corp.*, No. 09-CV-01614-REB-MEH, 2011 WL 2149602, at *6 (D. Colo. June 1, 2011) (same). Courts also regularly exercise supplemental jurisdiction over state law claims when the plaintiff has alleged claims under the Truth-in-Leasing Regulations and the state and federal claims arise from the same factual allegations. *See, e.g., Faraca v. Fleet 1 Logistics, LLC*, 693 F. Supp. 2d 891, 893 (E.D. Wis. 2010). This Court has supplemental jurisdiction over Plaintiffs' state law claims because they arise out of the same factual allegations as Plaintiffs' claims under the Truth-in-Leasing Regulations and FLSA and form part of the same case or controversy under Article III of the United States Constitution. Accordingly, removal is proper under 28 U.S.C. § 1441(a).

5.      The United States District Court for the District of Colorado is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Plaintiffs originally filed this case, in the Second District Court for Denver County, Colorado. *See* 28 U.S.C. § 85; 28 U.S.C. § 1441(a).

6.      This Notice of Removal is timely under 28 U.S.C. § 1446(b), being made within 30 days of receipt, through service or otherwise, of the initial pleadings setting forth Plaintiffs' claims for relief upon which this action is based.

7.      Pursuant to 28 U.S.C. § 1446(d), Navajo Express will give written notice of the removal to Plaintiffs and will file a copy of the notice with the Clerk of the Second District Court for Denver County, Colorado. Specifically, promptly after filing this Notice of Removal, Navajo Express will file and serve a Notice to Adverse Parties and State Court Clerk of Filing of Notice of Removal, a copy of which is attached as **Exhibit J**.

3

Respectfully submitted this 6th day of November, 2020.

                                     *s/ Timothy M. Murphy*
                                     Timothy M. Murphy, #35097
                                     Paul T. Yarbrough, #48518
                                     Meredith L. McDonald, #31384
                                     HALL & EVANS, LLC
                                     1001 Seventeenth Street, Suite 300
                                     Denver, Colorado 80202
                                     Telephone:    (303) 628-3379
                                     Facsimile:     (303) 628-3368
                                     Email:  yarbroughp@hallevans.com
                                                      murphyt@hallevans.com
                                                      mcdonaldm@hallevans.com

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on the 6th day of November, 2020 a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court using the CM/ECF system which will send notification of such filing to parties and counsel registered through ECF. In addition, I hereby certify that I have served via electronic mail the foregoing document to any non-CM/ECF participants:

| *Attorneys for Plaintiffs* | *Attorneys for Plaintiffs* |
|---|---|
| Andrew Turner, # 43869 | David H. Seligman, # 49394 |
| Matthew Fritz-Mauer, # 54334 | Brianne Power, # 53730 |
| THE KELMAN BUESCHER FIRM, P.C. | TOWARDS JUSTICE |
| 600 Grant Street, Suite 825 | 1410 High St., #300 |
| Denver, Colorado 80203 | Denver, Colorado 80218 |
| Telephone: (303) 333-7751 | Telephone: (720) 248-8426 |
| Fax: (303) 333-7758 | david@towardsjustice.org |
| aturner@laborlawdenver.com | brianne@towardsjustice.org |
| mfritzmauer@laborlawdenver.com | |

*s/ Erica H. Malloy*
Erica H. Malloy, Legal Assistant
Hall & Evans, LLC