UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| TIMOTHY BOSWINKLE and MICHAEL GATES, et al., | |
| Plaintiffs, | Civil Action No. 1:20-cv-03325-WJM |
| v. | Honorable William J. Martinez |
| NAVAJO EXPRESS, INC., | |
| Defendant. | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION TO DISMISS AND TO STAY PROCEEDINGS**

**I.  INTRODUCTION**

Plaintiffs' Motion casts serious but unfounded aspersions on Navajo Express and its intentions in filing its Counterclaim. But in the end, it is Plaintiffs and their litigation tactics that have added unnecessary complexity to this dispute. Plaintiffs have not challenged this Court's jurisdiction over their substantive claims against Navajo, which involve both federal and state law. Nevertheless, Plaintiffs filed two separate putative class actions involving the same parties and the same contracts. They claim the Indemnification Provision in their contracts forced them to file a separate case on the enforceability of the Class Waiver and Indemnification Provision; otherwise, Plaintiffs allege, they could potentially have to pay Navajo's legal fees associated with Plaintiffs' challenge to those provisions. Plaintiffs' Motion then suggests (if not explicitly alleges) that Navajo asserted its Counterclaim in this Court so Plaintiffs would feel threatened by the prospects of having to pay Navajo's attorney's fees and costs related to litigating the Counterclaim.

1

Plaintiffs have misinterpreted the Indemnification Provision and erroneously speculated about Navajo's reasons for asserting the Counterclaim. On its face, the Indemnification Provision does not apply to any litigation related to the Counterclaim because Navajo, not Plaintiffs, brought that claim, and the Indemnification Provision only applies to misclassification claims "brought by" Plaintiffs. Moreover, Navajo's purpose for filing its Counterclaim is simple: in the interests of efficiency, one court should decide all the issues between the parties, and it should be the court that will preside over the substantive claims at issue, including whether those claims should be certified under Federal Rule of Civil Procedure 23.

A primary feature of *Brillhart/Mhoon* abstention is the preservation of judicial resources, particularly when the declaratory judgment action presents questions of state law and the state court is the only court that can provide complete relief to the parties on their overall dispute. But unlike the cases Plaintiffs cite, Navajo's Counterclaim raises questions of federal law and the underlying substantive claims are pending in this Court. In other words, *this* Court is the only court that can provide complete relief to the parties on their overall dispute. Granting abstention will not terminate this Court's obligation to resolve the substantive claims Plaintiffs asserted against Navajo. Rather, the net result of Plaintiffs' Motion is that more judicial resources will be expended, not less. Plaintiffs' Motion should be denied.

## II.     BACKGROUND

### A.     Plaintiffs' Claims

Plaintiffs filed this lawsuit against Navajo asserting, on behalf of a putative class of allegedly similarly situated truck drivers, claims for violations of the Federal Leasing Regulations (49 C.F.R. Part 376), breach of contract, and the Colorado Wage Claim Act (C.R.S. § 8-4-101 *et*

2

*seq.*). Plaintiffs also individually bring claims for violations of the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) (FLSA) and violations of the Colorado Consumer Protection Act (C.R.S § 6-1-101 *et seq.*).

Plaintiffs each signed an Equipment Lease Agreement (the 2020 Contract) with Navajo to provide equipment and services to Navajo as an independent contractor. *See* ECF No. 10 at 40-42. Plaintiffs allege that the 2020 Contracts are governed by, but do not comply with, the Federal Leasing Regulations. *See* ECF No. 5 at 9-11. Specifically, Plaintiffs contend the Federal Leasing Regulations require the 2020 Contracts to clearly state the amount of Plaintiffs' compensation and specify all "charge-back items" or deductions from Plaintiffs' settlement checks as well as how those deductions are computed. *Id*. Plaintiffs allege the 2020 Contracts do not meet these requirements and that, as a result, Navajo subjected Plaintiffs to improper deductions and did not pay them all amounts owed under the 2020 Contracts. *Id.* at 9-11. Plaintiffs also assert that Navajo violated the Colorado Wage Claim Act and breached the 2020 Contracts by making these allegedly improper deductions. *Id.* at 12-13, 15-18.

Plaintiff Michael Gates individually also brings a claim under the FLSA for unpaid minimum wages. Gates contends that, despite his contractual agreement to perform services as an independent contractor, he was in fact an "employee" and Navajo was his "employer" for purposes of the FLSA. *Id.* at 18-19. Finally, Plaintiffs individually allege Navajo intentionally made unlawful deductions from Plaintiffs' settlement checks in violation of the Colorado Consumer Protection Act. *Id.* at 13-15.

### B. Procedural Background

Plaintiffs have filed two separate actions against Navajo. On September 9, 2020, they filed an action in Colorado state court seeking a declaration regarding the enforceability of two separate provisions—the class waiver and the indemnification provision—of the 2020 Contracts (the Contract Action). *See* ECF No. 16-1. The next day, Plaintiffs filed a second action in Colorado state court (the Misclassification Action). *See* ECF No. 1. On November 6, 2020, Navajo removed the Misclassification Action because Plaintiffs' claims under the Federal Leasing Regulations and FLSA invoke this Court jurisdiction under 28 U.S.C. § 1331. *Id.* A week later, Navajo filed its Answer, Affirmative Defenses, and Counterclaim for the Misclassification Action. *See* ECF No. 10. On December 17, 2020—over one month after Navajo filed its Counterclaim and just a day before Plaintiffs' deadline to file a response to the Counterclaim—Plaintiffs filed a motion for judgment on the pleadings (the MJOP) in the Contract Action. *See* Plaintiffs' Motion for Judgment on the Pleadings attached as Exhibit 1. The very next day, Plaintiffs filed this Motion. *See* ECF No. 16.

Plaintiffs assert the Class Waiver and Indemnification Provision should be declared unenforceable because they conflict with *Colorado* public policy. *See* Exhibit 1 at 4-14.[1] Plaintiffs, however, do not address whether these provisions conflict with *federal* public policy—even though Plaintiffs have asserted claims under federal law and seek to represent a putative class under Federal Rule of Civil Procedure 23. Notably, Plaintiffs acknowledge in their MJOP that the relevant public policies include "the policy underlying state and federal employment laws."

---

[1] In the alternative, Plaintiffs argue that the provisions are unenforceable because they are unconscionable. *See* Exhibit 1 at 15. However, this argument is duplicative—Plaintiffs adopt the same arguments to support this proposition. *See id.*

4

Exhibit 1 at 10. Yet, Plaintiffs do not identify what these federal employment law policies are. Plaintiffs claim that "the state suit is farther along the path to resolution" and that they anticipate a "speedy decision" in the Contract Action while "the same is not true of Navajo's counterclaim." *Pls' Mot.* at 8. The state court has stayed briefing on Plaintiff's MJOP pending the outcome of Navajo's Motion to Stay. *See* Order Staying Plaintiffs' Motion for Judgment on the Pleadings (Exhibit 2).

### III.   ARGUMENT

#### A.   *Brillhart* abstention is not warranted because the Court has jurisdiction over the underlying substantive federal and state law claims.

The cases Plaintiffs cite that granted *Brillhart* abstention dealt with insurance coverage issues in which the underlying disputes were pending in state court, and the federal declaratory judgment action would not resolve the entire dispute between the parties. For example, in *Nationwide Mut. Ins. Co. v. C.R. Gurule*, *Inc.*, 148 F. Supp.3d 1206, 1226 (D.N.M. 2015), the district court granted the insured's motion to dismiss because resolving the insurance company's declaratory judgment action would not have resolved the insured's breach of contract claim pending in state court. Likewise, in *Harco Nat'l Ins. Co. v. Roe*, 2016 WL 8674625, at *3 (N.D. Okla. Sept. 30, 2016), the district court granted the insured's motion to dismiss because the declaratory judgment action would not have resolved the insured's bad faith allegations in the state court action. *See also Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 982 (10th Cir. 2012) (affirming district court's dismissal of insurer's declaratory judgment action because a parallel state action would resolve *all* issues presented in federal action, whereas the federal action would not resolve all issues presented in the state action); *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167 (10th Cir. 1995) (affirming dismissal of insurer's

5

declaratory relief claim because resolution of state court case would resolve the sole dispute at issue in the federal action); *State Farm Mut. Auto. Ins. Co. v. Scholes*, 601 F.2d 1151, 1155 (10th Cir. 1979) (affirming dismissal of insurer's declaratory relief claim because "[a] final judgment in state court will necessarily resolve all issues before [the federal court] and the other issues arising out of the same transactions thus allowing comprehensive disposition of litigation."). [2]

Here, Plaintiffs' underlying claims are pending in this Court. This Court will decide whether Plaintiff can maintain a class action, Fed. R. Civ. P. 23; whether Navajo misclassified them as independent contractors under the FLSA and Colorado law; and the extent to which Navajo is entitled to attorney fees and costs if Navajo prevails. Fed. R. Civ. P. 54. The only issues pending in state court are identical to the issues presented by Navajo's Counterclaim, which Navajo asserted only after this Court obtained jurisdiction over Plaintiffs' substantive claims for relief. Indeed, Plaintiffs' own authority stands for the proposition when, as here, the issues in state and federal court are different, a *Brillhart*/*Mhoon* dismissal is inappropriate. *Hartford Fire Ins. Co. v. Gandy Dancer, LLC*, 2011 WL 1336523, at *1 (D.N.M. Mar. 30, 2011) (denying insured's motion to stay "[b]ecause the issues before the Court are distinct from the issues before the state court").

---

[2] Plaintiffs' citation to *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989), for the general proposition that courts "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding," overlooks the Tenth Circuit's ultimate holding in that case. *See Pls. Mot.* at 11. Ultimately, in *Kunkel*, the court affirmed the district court's adjudication of an insured's declaratory judgment action because "nothing in the Declaratory Judgment Act prohibits a court from deciding a purely legal question of contract interpretation which arises in the context of a justiciable controversy presenting other factual issues." *Kunkel*, 866 F.2d at 1276.

In *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361 (9th Cir. 1991), the Ninth Circuit rejected *Brillhart* abstention when, as here, the defendant removed the substantive legal claims to federal court and then asserted declaratory counterclaims after removal. In *Chamberlain*, the insured filed a lawsuit in state court alleging that Allstate—the provider of the plaintiff's homeowners insurance policy—breached its implied covenant of good faith and fair dealing by failing to defend the insured in a separate suit filed against him by his former girlfriend. *Id.* at 1363. The insured subsequently filed a separate state court action requesting a declaration that his homeowners insurance policy provided coverage for the claims filed by his ex-girlfriend (the declaratory relief action). *Id.* Allstate removed the first case the insured had filed (the bad faith action), and then filed a counterclaim seeking a declaration that the policy did not cover the ex-girlfriend's claims against the insured (in other words, the opposite declaration the insured sought in the declaratory relief action he filed in state court). *Id.* The district court retained jurisdiction of both the bad faith action and Allstate's counterclaim.

On appeal, the Ninth Circuit rejected the insureds argument that the district court should have abstained from hearing Allstate's counterclaim under *Brillhart*. Despite acknowledging that the insured's state court action "clearly could have resolved the issues presented by the counterclaim" and that "the state court declaratory relief action essentially mirrored the federal action," the court concluded the district court's decision to hear the declaratory judgment counterclaim was consistent with "the rationales underlying the *Brillhart* decision." *Id.* at 1367. "In most cases when a district court refrains from exercising its jurisdiction, the result is that no aspect of the proceeding remains in federal court." *Id.* But in *Chamberlain*, the district court still

7

had to resolve the underlying bad faith claim. Therefore, "[b]y adjudicating the declaratory relief counterclaim, the district court avoided piecemeal litigation." *Id.* at 1367–68 (citations omitted).

Just like in *Chamberlain*, Navajo removed Plaintiffs' substantive claims for relief to federal court and then filed its counterclaim in response to those substantive claims. Therefore, denying *Brillhart* abstention will avoid piecemeal litigation. Although the Tenth Circuit has not considered the appropriateness of *Brillhart* abstention when a declaratory judgment action was brought as a counterclaim to the underlying substantive claims already pending in federal court, district courts in the Tenth Circuit have noted that *Brillhart* abstention is unwarranted when the federal litigation raises issues beyond the relief sought in the declaratory judgment action. *See, e.g.*, *U4, LLC v. Sonic Drive-In of Pittsburg, LLC*, No. 16-1269-EFM-GEB, 2017 WL 3232845, at *3 (D. Kan. July 31, 2017) (holding *Brillhart* abstention does not apply when claims in federal court seek both declaratory and non-declaratory relief).[3]

---

[3] *See also World Fuel Servs., Inc. v. Nambe Pueblo Dev. Corp.*, 362 F. Supp. 3d 1021, 1081–82 (D.N.M. 2019) (citing to Fifth Circuit case—which the Court notes "the Tenth Circuit has cited favorably" and "highlight[s] the distinction between Colorado River abstention and the abstention doctrine in [Brillhart]"—holding that "When a party seeks both injunctive and declaratory relief, the appropriateness of abstention must be assessed according to the doctrine of *Colorado River*; the only potential exception to this general rule arises when a party's request for injunctive relief is either frivolous or is made solely to avoid application of the Brillhart standard."); *Springer v. Thomas*, No. 15–4862–SAC, 2015 WL 2449579, at *6 (D. Kan. May 22, 2015) ("Believing the Tenth Circuit would follow Fifth Circuit precedent as indicated in *Las Cruces*, the court finds that the plaintiff Springer's coercive claims for damages preclude applying here the broader and more discretionary *Brillhart* standard. The defendant [] is unable to rely on *Brillhart*."); *ALPS Prop. & Cas. Ins. Co. v. Bell*, No. 14-CV-1868-WJM-KLM, 2015 WL 2148430, at *2 (D. Colo. May 6, 2015) ("[I]n this case, because Plaintiff's Complaint seeks 'coercive relief,' i.e., rescission, in addition to declaratory relief, *Colorado River*, and not *Brillhart/Wilton*, applies.") (citing *Nautilus Ins. Co. v. Otero Cnty. Hosp. Ass'n*, No. 2:11–CV–00178-BRB-LAM, 2011 WL 12574962, at *4 (D.N.M. Nov. 4, 2011) (holding insurer's complaint for rescission and declaratory relief was coercive and thus Colorado River applied because "rescission stands independent of any request for purely declaratory relief")).

8

B.     **The Court should not abstain under *Brillhart* because Navajo's Counterclaim raises questions of federal law.**

As Plaintiffs acknowledge, *Brillhart* abstention arises when, among other things, the parties dispute "is not governed by federal law." *Pls. Mot.* at 6. Here, Navajo's Counterclaim raises issues of federal law. Therefore, the Court should deny Plaintiff's Motion.

In state court, Plaintiffs filed a motion for judgment on the pleadings requesting judgment that the Indemnification Provision and Class Waiver are unenforceable as against public policy. *See* Exhibit 1. But Plaintiffs have asserted putative class claims under federal law—i.e., the Federal Leasing Regulations (*Complaint*, ¶¶ 2, 49-69)—and misclassification claims under federal law—i.e., the Fair Labor Standards Act (*Complaint*, ¶¶ 2, 120-29). Courts assessing the validity of class waivers in the context of federal statutory claims consider the federal statute's text, purpose, and underlying legislative history. *See, e.g.*, *Green v. U.S. Xpress Enters., Inc.*, 434 F. Supp. 3d 633, 643-644 (E.D. Tenn. 2020); *U1it4Less, Inc. v. FedEx Corp.*, 2015 WL 3916247, at *4 (S.D.N.Y. June 25, 2015). Accordingly, whether the class waiver may be enforced against Plaintiffs' putative class Federal Leasing Regulations claims turns on the text of, and public policy underlying, those regulations, 49 C.F.R. Part 376; the federal statute authorizing a private right of actions for injuries caused by violations of the regulations, 49 U.S.C. § 14704; and Federal Rule of Civil Procedure 23. Those questions necessarily involve federal law and public policy, not the public policy of the state of Colorado.

Further, the legality of the Class Waiver as to Plaintiffs' *state law* claims also implicates federal law—namely, Rule 23. This Court, not the state court, will determine whether Plaintiffs can maintain a class action under Rule 23. And whether a class waiver is enforceable under Rule 23 is a question of federal law, not state law. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins.*

9

*Co.*, 559 U.S. 393, 410 (2010) (concluding state statute prohibiting class actions did not bar maintenance of class action in federal court under Federal Rule 23). Likewise, the ability of private parties to agree to indemnification for failed misclassification claims under the FLSA also implicates federal law.

Because the issues are not "governed by federal law," Plaintiffs' Motion should be denied. *Brillhart*, 316 U.S. at 495; *Grimes v. Crown Life Ins. Co.*, 857 F.2d 699, 703 n. 4 (10th Cir. 1988) ("Federal courts also hesitate to issue declaratory judgments when an existing state proceeding raises the same issues between the same parties and requires only the application of state law.") (emphasis added).[4]

### C. Plaintiffs will not be prejudiced because the Indemnification Provision does not apply to the Counterclaim.

Navajo's Counterclaim promotes judicial efficiency by allowing one court to decide all the parties' disputes. Faced with this truth, Plaintiffs' Motion baldly alleges that Navajo filed its counterclaim to bring it "under the purview of the Loser Pays provision" and expose Plaintiffs to the prospect of bankruptcy. *Pls.' Mot.* at 3-4, 9. Plaintiffs' accusations are as unsubstantiated as they are meritless. By its plain language, the Indemnification Provision does not apply to Navajo's Counterclaim. Rather, the Indemnification Provision only applies to claims asserted *by plaintiffs* and to attorney's fees and expenses incurred by Navajo "defending against" those claims: "Owner

---

[4] *Cf. Allstate Fire & Cas. Ins. Co. v. Sharp*, No. CV 18-1049 RB/KK, 2019 WL 4575609, at *5 (D.N.M. Sept. 20, 2019) (Applying *Brillhart* abstention "[b]ecause all claims—those in both federal and state court—are governed by New Mexico law"); *Farmers Ins. Co. of Arizona v. Komis*, 2017 WL 6372663, at *4 (D.N.M. Dec. 12, 2017) (concluding analysis weighed in favor of *Brillhart* abstention where "New Mexico state law governs the interpretation of the insurance contract issue," and "[t]here are no federal issues involved in [the] case.") (internal citation omitted).

[(here, Plaintiffs)] agrees to . . . indemnify . . . [Navajo] from all reasonable attorneys' fees and litigation expenses [Navajo] incurs in *defending against* any suits, actions or administrative proceedings *brought by Owner*." *Boswinkle Lease* Agreement, ECF No. 10-1, § 18(e) (emphasis added). But Navajo, not Plaintiffs, filed the Counterclaim. And Plaintiffs, not Navajo, are "defending against" it. The Indemnification Provision's unambiguous text eliminates Plaintiffs' claims of prejudice.

### D. The Brillhart/Mhoon factors support denial of the motion.

The Court should adjudicate the Counterclaim under the *Brillhart/Mhoon* factors.

- **Whether a declaratory action would settle the controversy and clarify the legal relations at issue.**

Courts frequently consider these first two factors together, and both favor denial. *Ace Am. Ins. Co. v. Dish Network, LLC*, No. 13-CV-00560-REB-MEH, 2014 WL 811993, at *14 (D. Colo. Mar. 3, 2014). These factors favor abstention when the proceeding in state court will not be fully and finally resolved by the federal court's resolution of the declaratory judgment action. *Mid-Continent Cas. Co.*, 685 F.3d at 984. But here, the state court action would be fully and finally resolved by the Court's resolution of Navajo's Counterclaim. Plaintiffs argue that the resolution of Navajo's Counterclaim will not resolve Plaintiffs' substantive claims in the "Wage Action," but the substantive claims are pending before *this Court*. The purpose of this first prong is to avoid piecemeal litigation. *Chamberlain*, 931 F.2d at 1368. Plaintiffs' position would force piecemeal litigation by forcing the state court to decide the declaratory judgment action, while this Court would decide the substantive claims. Plaintiffs have not identified any cases in which the underlying substantive claims were also pending in federal court.

Plaintiffs claim this factor favors abstention because it will not resolve the controversy for the entire class. But importantly, Plaintiffs have abandoned their effort to seek certification in state court by filing a motion for judgment on the pleadings before moving for class certification.[5] Plaintiffs' state court action will not resolve the controversy for the entire class.

- **Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"**

Navajo's Counterclaim enables one court to decide all the disputes between the parties without subjecting Plaintiffs to the indemnification provision for work related to litigating Navajo's Counterclaim. Navajo did not race to federal court like an insurance company seeking a federal ruling on its obligations under an insurance policy. *Cf. St. Paul Fire*, 53 F.3d at 1170. Navajo came to federal court under the removal statute because Plaintiffs asserted claims under federal law. *See Notice of Removal* (ECF No. 1). Then, Navajo asserted its Counterclaim to avoid piecemeal litigation. ECF No. 10.

Plaintiffs, on the other hand, have engaged in "a race to res judicata." Although Plaintiffs represented they would seek class certification in state court, *Pls. Mot.* at 7, Plaintiffs abandoned that strategy by filing a preemptive motion for judgment on the pleadings in state court, which they

---

[5] During the state court case management conference, Navajo argued that, given the rule against one-way intervention in class actions, the briefing on Plaintiffs' MJOP should be held in abeyance until the state court determined whether the case would be certified as a class action, as pled in the complaint. *See* Transcript of State Court Case Management Conference, attached as Exhibit 3, at 26:10-21. Plaintiffs objected and argued the state court should decide the MJOP without delay. *Id.* at 26:22-27:6. The state court specifically asked Plaintiffs their position in the event the state court granted Plaintiffs' Motion for Judgment on the Pleadings and entered judgment only on behalf of the Plaintiffs. *Id.* at 22:7-14. Plaintiffs indicated they would "deal with the consequences" of that outcome. *Id.* at 22:15-20. Plaintiffs should be estopped from arguing to this Court that only the state court is able to resolve the entire controversy for the class.

filed the day before Plaintiffs responded to Navajo's Counterclaim. Plaintiffs could have challenged the enforceability of the disputed provisions in response to Navajo's Counterclaim through a Rule 12(b)(6) motion to dismiss or by answering and filing a motion for judgment on the pleadings. Fed. R. Civ. P. 12(b)(6), (c). This would have raised their arguments expeditiously, before a determination of class certification or the merits of Plaintiffs' misclassification theory, and the fees and costs Navajo incurred litigating the Counterclaim would not be subject to the Indemnification Provision. But rather than have one court decide the entirety of the parties' dispute, Plaintiffs have insisted on a rush to judgment in state court. The Court should reject Plaintiffs' inefficient litigation strategy.

- **Whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction;**

The Court's resolution of the Counterclaim will not improperly encroach upon state jurisdiction. As discussed, the Counterclaim involves issues of federal law. Moreover, regardless of the outcome on the enforceability of the disputed provisions, the Court must still adjudicate claims under state law. *See Chamberlain*, 931 F.2d at 1367. Abstention guarantees piecemeal litigation because it ensures the state court will make non-binding decisions on issues that implicate federal law. Even if the counterclaim presents novel issues of state law, resolving it will not encroach upon state jurisdiction because the Court has the discretion to certify question of state law to the Colorado state court. *See Acuity, A Mut. Ins. Co. v. McGinnis Homes, LLC*, 194 F. Supp. 3d 1204, 1211-12 (D. Utah 2016). As a result, it is actually abstention that would increase friction between the two judicial systems.

- **Whether there is an alternative remedy which is better or more effective.**

"Analysis of the fifth *Mhoon* factor includes consideration of whether state courts are 'simply better situated to provide complete relief to all parties involved.'" *Acuity, A Mut. Ins. Co.*, 194 F. Supp. 3d at 1212 (quoting *Mid-Continent Cas. Co.*, 685 F.3d at 986). Here, the underlying substantive claims are pending in *this* court, not state court. Therefore, this is the only court that can "provide complete relief to all parties involved." *Id.* Further, if the resolution of Plaintiffs' state court declaratory judgment action involves disputed facts (for example, to resolve any ambiguities in the contract language), it is more efficient to conduct discovery in a single case.

### E. Plaintiffs' motion to stay should be denied.

Plaintiffs' motion to stay should be denied. Plaintiffs filed substantive wage and hour claims that, regardless of whether the Indemnification Provision and Class Waiver are enforceable, must be resolved by this Court. If this Court decides abstention is unwarranted, there is no reason to delay; all disputes between the parties will remain pending before this Court. If the Court dismisses Navajo's Counterclaim, the state court's determination of the enforceability of the Indemnification Provision and Class Waiver will have no substantive impact on the present action. As explained above, whether the Class Waiver is enforceable as matter of *Colorado* public policy has no bearing on this Court's determination of whether Plaintiffs' claims may be certified for class action treatment under Rule 23. Similarly, although the enforceability of the Indemnification Provision may impact Plaintiffs' litigation strategy regarding their misclassification claims, the Indemnification Provision has no impact on this Court's ability to resolve this litigation. There is no threat of confusion or inconsistent results, and judicial economy will not be served by staying this matter.

Plaintiffs claim that a stay will minimize costs, but no issues will disappear or change if the state court decides the enforceability of the Indemnification Provision and Class Waiver. Instead, a stay of these proceedings will prejudice Navajo without meaningfully decreasing litigation costs for either party. Specifically, a stay would permit Plaintiffs to hold over Navajo the specter of litigation and allow Plaintiffs' potential damages to accrue against Navajo. *See, e.g., Tyco Fire Prod. LP v. Victaulic Co.*, No. CIV.A. 10-4645, 2011 WL 4632689, at *3 (E.D. Pa. Oct. 4, 2011) (denying plaintiff's motion to stay and finding defendant would be prejudiced by delay of proceedings because potential damages would accumulate against defendant and defendant would be subjected to specter of litigation).

Finally, Plaintiffs claim that a stay is necessary because they must know whether the Indemnification Provision is enforceable before this lawsuit, which they initiated, proceeds. Notably, however, Plaintiffs could have requested *this Court* to determine the enforceability of the Indemnification Provision instead of filing their Motion to Dismiss. Plaintiffs claim that they will be harmed if this case proceeds, yet Plaintiffs chose to file this lawsuit. The Court's management of this case should not be constrained by Plaintiffs' preferences, particularly when those preferences do not serve judicial economy and will only result in prejudice to Navajo.

## IV.   CONCLUSION

For these reasons, Navajo respectfully requests that the Court deny Plaintiffs' Motion in its entirety.

Date: January 5, 2021                    Respectfully submitted,

/s/ Christopher J. Eckhart
Christopher J. Eckhart
E. Ashley Paynter
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Phone: 317-637-1777
Fax: 317-687-2414
ceckhart@scopelitis.com
apaynter@scopelitis.com

Timothy M. Murphy, #35097
Paul T. Yarbrough, #48518
Meredith L. McDonald, #31384
HALL & EVANS, LLC
1001 Seventeenth Street, Suite 300
Denver, Colorado 80202
Telephone:     (303) 628-3379
Facsimile:     (303) 628-3368
murphyt@hallevans.com
yarbroughp@hallevans.com
mcdonaldm@hallevans.com

*Attorneys for Defendant, Navajo Express, Inc.*

4849-6015-4069, v. 13