## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03325-WJM-NYW

TIMOTHY BOSWINKLE, and
MICHAEL GATES,

      Plaintiffs,

v.

NAVAJO EXPRESS, INC.,

      Defendant.

---

## ORDER GRANTING STAY OF PROCEEDINGS

---

Magistrate Judge Nina Y. Wang

      This matter comes before this court on Plaintiff Timothy Boswinkle and Michael Gates's (collectively, "Plaintiffs") Motion to Dismiss Defendant's Counterclaim and to Stay Proceedings (or "Motion"), filed December 18, 2020.  [#16].  The undersigned considers <u>only the portion of the Motion requesting a stay</u> as referred by the presiding judge, the Honorable William J. Martinez, in the Order dated January 12, 2021, [#25], and concludes that oral argument will not materially assist in the resolution of this matter.  Accordingly, upon review of the Motion and associated briefing, the applicable case law, and being otherwise advised in its premise, this court **GRANTS IN PART and DENIES IN PART** the Motion insofar as it requests a stay of these proceedings.

## BACKGROUND

      This civil action is one of two civil actions initiated by Plaintiffs, "Lease-Operators"[1] who haul shipments of goods across the country, against Defendants Navajo Express, Inc. ("Defendant"

---

[1] Plaintiffs' Complaint refers to their designations as "Lease-Operators" as "Misclassified Truckers."  [#5 at ¶ 5].  For ease of reference, consistency, and to avoid any suggestion that this

or Navajo"), a Denver-based trucking company that ships perishable and dry goods throughout the United States. *See* [#5 at ¶¶ 1, 5-7, 15-17; #16 at 1-2; #16-1].[2] Plaintiffs initiated both civil actions in the District Court for the County of Denver (the "Denver District Court")—the first being filed on or about September 9, 2020, requesting declaratory relief (the "Declaratory Action"), and the second being filed on or about September 10, 2020, requesting individual and class-wide relief for Defendant's alleged violations of the Colorado Wage Claim Act and related federal statutes as well as other state law causes of action (the "Wage Action"). *See* [#1; #5; #16 at 1-2; #16-1].

The Declaratory Action requests that the court declare illegal and unenforceable two provisions in the leasing and operating agreement (the "2020 Contract") entered between Plaintiffs and Navajo. *See* [#16-1]. Those two provisions provide (1) that all Lease-Operators are independent contractors, not employees, of Navajo and "agree to defend, indemnify, and hold harmless [Navajo] from all reasonable attorneys' fees and litigation expenses [Navajo] incurs in defending against any suits, actions, or administrative proceedings" brought by Lease-Operators in unsuccessfully challenging their classification as an independent contractor (the "Loser Pays Provision"); and (2) that all Lease-Operators waive their right to initiate, join, remain in, or otherwise participate in any class, collective, consolidated, or representative action(s) brought against Navajo, including those brought under federal and state law or the Fair Labor Standards Act (the "Class Waiver Provision"). *See* [#16-1 at ¶¶ 4-5, 24-25, 35-36]. The Declaratory Action

---

court has made a determination on the merits of Plaintiffs' claims, I refer to Plaintiffs (and those similarly situated) as "Lease-Operators."

[2] This court takes judicial notice of the filings on its docket as well as those documents attached to the Motion regarding related actions between the Parties in state court. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("Further, it has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

remains pending in the Denver District Court and the Denver District Court recently denied Navajo's request to stay the Declaratory Action in favor of the Wage Action. *See* [#26-1].

The Wage Action alleges that Defendants previously designated Plaintiffs as "Company Drivers" and classified them as employees of Navajo. *See* [#5 at ¶¶ 5-6, 13-17]. But in 2019, Navajo required Plaintiffs to sign the 2020 Contract that designated Plaintiffs as Lease-Operators and reclassified them as independent contractors, subject to new pay structures. *See* [*id.* at 5-6, 13-21]. Further, Navajo allegedly informed Plaintiffs (and other Lease-Operators) that a "payroll glitch" overpaid Plaintiffs and Plaintiffs would now be required to reimburse Navajo for the overpayments, with Navajo making deductions from Lease-Operators' weekly paychecks. *See* [*id.* at ¶¶ 22-36]. Based on the reclassification of Plaintiffs (and others similarly situated) and the weekly paycheck reductions, Plaintiffs initiated the Wage Action and assert individual and potential class and collective claims for violations of the Truth-in-Lending regulations ("Counts I and II"); declaratory relief under Colo. Rev. Stat. §§ 13-51-101 *et seq.* ("Count III"); breach of contract as to the 2020 lease agreement ("Count IV"); violations of the Colorado Consumer Protection Act ("Count V"); violations of the Colorado Wage Claim Act ("Count VI"); as well as an individual claim by Plaintiff Michael Gates ("Mr. Gates") for violations of the Fair Labor Standards Act ("Count VII"). *See generally* [#5]. Defendant removed the Wage Action to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1331 and 1367 on November 6, 2020. *See* [#1].

In its Answer to the Wage Action Complaint, the operative pleading in this civil action, Navajo asserts a counterclaim against Plaintiffs for declaratory judgment that (1) the 2020 Contract is valid and enforceable, including the Loser Pay Provision and Class Waiver Provision; (2) the 2020 Contract prohibits Plaintiffs from representing a class in the Wage Action; (3) the 2020

Contract entitles Navajo to the recovery of its costs and fees in the Wage Action should Plaintiffs fail to demonstrate they are misclassified as independent contractors; and (4) any additional relief deemed just and proper. *See* [#10 at 40-43]. On December 18, 2020, Plaintiffs filed the instant Motion, arguing that the court should dismiss Navajo's counterclaim under the *Brillhart/Mhoon*[3] doctrine because the counterclaim is a "mirror image" of the claim being litigated in the Declaratory Action in the Denver District Court and thus the best procedure is to allow the Declaratory Action to proceed without federal court intervention. *See* [#16 at 5-12]. Relatedly, Plaintiffs request that the court stay this civil action (the Wage Action) pending the Denver District Court's disposition of the Declaratory Action. *See* [*id.* at 12-15]. Navajo opposes the Motion, arguing that *Brillhart/Mhoon* does not warrant dismissal of Navajo's counterclaim and that a stay is not warranted because the specific claims in this Wage Action will proceed regardless of what comes of the Declaratory Action or the request to dismiss Navajo's counterclaim. *See* [#24].

On December 29, 2020, upon the Parties' non-consent to the jurisdiction of a magistrate judge, [#18], the Clerk of the Court redrew this matter to Judge Martinez, who has since referred the matter back to the undersigned for non-dispositive proceedings. *See* [#19; #20]. As mentioned, Judge Martinez has also referred the portion of the instant Motion requesting a stay of these proceedings while retaining the portion of the instant Motion requesting dismissal of Navajo's counterclaim. *See* [#25]. I consider the Parties' arguments regarding the propriety of a stay of these proceedings below.

---

[3] The United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has explained that the *Brillhart/Mhoon* doctrine provides the district court with discretion under the Declaratory Judgment Act to decline to declare the rights of litigants in federal court when a similar state court action exists, as articulated in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942), with the five factors articulated in *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) guiding the district court's discretion. *See United States v. City of Las Cruces*, 289 F.3d 1170, 1180-83 (10th Cir. 2002).

## ANALYSIS

### I.    Legal Standard

"The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending.  Instead, Rule 1 instructs that the rules of procedure 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Sutton v. Everest Nat'l Ins. Co.*, No. 07 CV 00425 WYD BNB, 2007 WL 1395309, at *1 (D. Colo. May 9, 2007).  Nonetheless, when ruling on a motion to stay, courts weigh the following factors: (1) the nonmovant's interests in expeditiously litigating this action and the potential prejudice to the nonmovant by a delay; (2) the burden on the movant in proceeding with discovery; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.[4]  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).  But "stays of the normal proceedings of a court matter should be the exception rather than the rule," *Christou v. Beatport, LLC*, No. 10-CV-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011), and courts in this District generally disfavor stays, *see, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. CIVA 06CV02419PSFBNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).

### I.    Application of *String Cheese* Factors

***Defendant's interests in expeditiously litigating this action and the potential prejudice to Defendant by a delay***.  Navajo argues a stay would be prejudicial because it would not

---

[4] The Parties' rely on the three factors articulated in *Hart v. Connected Wireless, Inc.*, No. 2:17-CV-186 TS, 2019 WL 861341, at *2 (D. Utah Feb. 22, 2019) ("(1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship.") in arguing for or against a stay.  *See* [#16 at 12-15; #24 at 14-15].  While the factors outlined in *Hart* bear some relevance to the *String Cheese* factors, this court follows the practice in this District of determining the appropriateness of a stay under the *String Cheese* factors.

"meaningfully decreas[e] litigation costs for either party" and would allow "Plaintiffs to hold over Navajo the specter of litigation and allow Plaintiffs' potential damages to accrue against Navajo." [#24 at 15].  Plaintiffs counter that the absence of a stay will "dramatically increase costs, as parties will litigate issues and sub-issues that might disappear or significantly change, depending on the outcome of the Declaratory Action."  [#16 at 15].  Further, Plaintiffs contend that staying this action will benefit Navajo by staying the accrual of Plaintiffs' damages and possibly streamlining the issues underlying this action.  *See* [#26 at 9].  On balance, I find this factor weighs in favor of a stay.

Although Navajo likely has an interest in proceeding expeditiously with its counterclaim, that interest is lessened by the fact that the Declaratory Action remains pending and briefing on Plaintiffs' Motion for Judgment on the Pleadings has already commenced.  *See* [#26 at 1; #26-1]. For this reason, this court is not convinced that Navajo will suffer any prejudice by a stay of this matter, and any prejudice is outweighed by the remaining factors below.  *See Makeen Inv. Grp., LLC v. Vallejos*, No. 17-CV-02579-RM-STV, 2018 WL 704383, at *2 (D. Colo. Feb. 5, 2018) (concluding the plaintiff wouldn't be prejudiced by a stay because "a stay will not prevent [the plaintiff's] claims from being decided on the merits.  Nor is the Court aware of any prejudice that may result, especially in light of the fact that [the plaintiff's] related state court case was ongoing as recently as December 8, 2017").  In addition, while the counterclaim for declaratory relief may not, in and of itself, require significant discovery, the presiding judge's determination of whether the counterclaim is properly before the federal court will likely affect the scope of discovery, both substantively and procedurally.  Navajo's interest in proceeding expeditiously in this matter is outweighed by these other considerations.

***Burden on Plaintiffs***.  Next, Plaintiffs argue that a stay is warranted because proceeding with discovery in this action may be unnecessary depending on certain rulings made in the Declaratory Action and could lead to inconsistencies.  [#16 at 14; #26 at 8, 9].  Navajo argues that Plaintiffs will face no burden in the absence of a stay because regardless of how the Denver District Court rules in the Declaratory Action, Plaintiffs' claims in the Wage Action will remain for Judge Martinez to decide.  [#24 at 14].  Further, Navajo avers that Plaintiffs could have filed the Declaratory Action in this District and avoided piecemeal litigation.  *See* [*id.* at 15].  I respectfully disagree with Navajo.

To be sure, burdens imposed by discovery are not unique to litigation.  *See Webb v. Brandon Exp. Inc.*, No. 09-cv-00792-WYD-BNB, 2009 WL 4061827, at *2 (D. Colo. Nov. 20, 2009) ("Parties always are burdened by discovery and the other requirements for the preparation of a case. That is a consequence of our judicial system and the rules of civil procedure.").  But here, as discussed above, this court agrees with Plaintiffs that the Declaratory Action may have significant impacts on the breadth and scope of discovery in the Wage Action.  For instance, Plaintiffs bring claims under the FLSA as well as the Colorado Wage Claim Act, which have different standards of proof and requirement to proceed collectively and/or as a class under Rule 23.  *See Oldershaw v. DaVita Healthcare Partners, Inc.*, 255 F. Supp. 3d 1110 (D. Colo. 2017).  If the Denver District Court upholds the legality and enforceability of the Class Waiver Provision, Plaintiffs would have to proceed individually and would not be entitled to any class and/or collective discovery—discovery Plaintiffs would likely be entitled to until and unless the Denver District Court enforced the Class Waiver Provision of the 2020 Contract.  Further, the interpretation of the Class Waiver Provision will affect the anticipated schedule and motions

practice for this action.  For these reasons, this court concludes that this factor weighs in favor of a stay.

      ***Convenience to the Court***.  Third, this court concludes that its own convenience weighs in favor of a stay.  As just discussed, the potential for the Declaratory Action shaping discovery in this action weighs against proceeding with discovery now.  Doing so increases the chances of inconsistencies, which has the chance of inconveniencing the Parties and this court.  For example, having the Parties take discovery to define an opt-in collective and brief issues of conditional certification for the FLSA or having the court resolve issues arising from a proposed *Hoffman-LaRoche* notice to potential opt-in plaintiffs are typically part of the first phases of discovery and pretrial motions practice but may be entirely unnecessary.  Thus, this factor weighs in favor of a stay.

      ***Additional Factors***.  Finally, neither the interests of nonparties nor the public favor or weigh against a stay.  While the public may have an interest in expedient litigation, this court is not convinced that such an interest weighs against a stay of discovery here.  Further, it is unclear to what extent the interests of nonparties will be impacted by discovery in this matter, though that may become more apparent given the rulings in the Declaratory Action.  Thus, these factors are neutral at best.

      In sum, the *String Cheese* factors weigh in favor of staying this action.  This court, however, is not persuaded at this juncture that a stay is warranted pending the conclusion of the Declaratory Action, depending upon Judge Martinez's findings and direction.  Rather, this court concludes it is more appropriate to stay this matter pending Judge Martinez's resolution the portion of the instant Motion requesting dismissal of Defendant's counterclaim.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1)      Plaintiffs' Motion [#16], insofar as it requests a stay of this Wage Action, is **GRANTED IN PART and DENIED IN PART**;

(2)      This matter is **STAYED** pending Judge Martinez's disposition of the motion to dismiss portion of the instant Motion;

(3)      The Telephonic Scheduling Conference set for **February 24, 2021 at 10:30 a.m.** is **VACATED**; and

(4)      The Parties shall jointly contact chambers at Wang_Chambers@cod.uscourt.gov within **three (3) business days** of any ruling on the motion to dismiss portion of the instant Motion to discuss further scheduling needs if warranted, or whether a continued stay of these proceedings is more appropriate.


DATED: January 28, 2021                              BY THE COURT:

                                                     Nina Y. Wang
                                                     United States Magistrate Judge